UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30057 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00155-RFC-1 |
| v. | U.S. District Court for Montana, Billings |
| NICHOLAS JOHN MONTANO, | ORDER |
| Defendant - Appellant. | |

Before: TASHIMA, CLIFTON and BEA, Circuit Judges.

Appellee United States' request to amend the memorandum disposition filed on March 15, 2013, is GRANTED. The amended memorandum disposition will be filed concurrently with this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30057 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00155-RFC-1 |
| v. | AMENDED MEMORANDUM[*] |
| NICHOLAS JOHN MONTANO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted March 5, 2013[**]
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

Nicholas Montano appeals his conviction of being a felon in possession of a firearm. He argues that there was insufficient evidence to sustain the jury's verdict. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In reviewing a challenge to the sufficiency of evidence supporting a conviction, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc). Viewing the evidence in that light, we conclude that it was sufficient to sustain the conviction. Anthony Delgado, a passenger in the vehicle, testified that he saw Montano place the firearm in the glove compartment shortly before police officers found it there. Though the defense impeached Delgado because he had recounted a different version of events before trial, it is not our role as a court of review "to question the jury's assessment of witness credibility." *United States v. Bingham*, 653 F.3d 983, 995 (9th Cir. 2011). The government also presented evidence probative of Montano's consciousness of guilt: that Montano lied about his identity to the police officers, urged the driver of the vehicle to refuse to consent to the search of the vehicle, and fled from the officers at the scene to avoid arrest. A rational juror, viewing this evidence in the light most favorable to the government, could have concluded that Montano possessed the firearm.

**AFFIRMED.**